```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   05-CV-831(JMR/FLN)
```

Ecolab, Inc.                         )
                                     )
         v.                          )        ORDER
                                     )
FMC Corporation                      )

Plaintiff asks the Court to stay this matter pending the Patent and Trademark Office's ("PTO's") re-examination of the disputed patents. For the following reasons, the motion is denied.

I. Background

This patent infringement action was filed on April 26, 2005. The Court granted plaintiff leave to amend its complaint, first in October, 2005, and again in June, 2006. After full briefing by the parties, the Court rendered its preliminary claim construction on May 11, 2006, and modified that construction on November 3, 2006.

On November 10, 2006, after the close of expert discovery, Ecolab learned of prior art it claims the PTO had not considered when it issued the disputed patents. Ecolab disclosed this prior art to defendant on December 6, 2006. Neither party requested re-examination at that time. Instead, each party opted to move for summary judgment on December 18, 2006. The motions were briefed, heard, and denied on March 28, 2007. A final pretrial conference was scheduled for May 18, 2007. At the pretrial conference, the parties were directed to be trial ready on July 2, 2007.

Meanwhile, on April 12, 2007, Ecolab filed this motion. Ecolab requested re-examination contemporaneously with filing its motion before this Court. To date, the PTO has yet to rule on the request. The parties appear to agree that a stay would likely last two years, and possibly longer.

While this motion was pending, the United States Supreme Court decided KSR Int'l Co. v. Teleflex Inc., No. 04-1350, 127 S.Ct. 1727, 82 U.S.P.Q.2d 1385, 2007 WL 1237837 (April 30, 2007), which prescribes the approach to be taken in considering whether a patent is obvious. Ecolab suggests that a stay would offer the added benefit of allowing this Court to consider the Federal Circuit's gloss on KSR, as it might develop over the next two years.

II. Analysis

Courts have inherent power to manage their dockets and stay proceedings pending re-examination of a patent. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Such a motion is addressed to the Court's sound discretion. Xerox Corp. v. 3Com Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999).

When determining whether to grant a stay, courts typically consider (1) whether a stay would unduly prejudice, or present a clear tactical disadvantage, to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set. Id.; see also Card Techn. Corp. v. Datacard Corp., 2007 WL

551615, *3 (D. Minn., Feb. 21, 2007). Much as in Xerox Corporation, consideration of these factors weighs against a stay.

A. A Stay Will Prejudice Defendant

Courts may find a stay unduly prejudicial where the movant appears to seek it for tactical advantage. For example, where there is an inexplicable or unjustified delay in seeking re-examination, a stay is often denied. See, e.g., Lectrolarm Custom Servs., Inc. v. Vicom Indus., Inc., 2005 WL 2175436, *4 (W.D. Tenn. Sept. 1, 2005); Remington Arms Co., Inc. v. Modern Muzzleloading, Inc., 1998 WL 1037920, *3 (M.D.N.C. Dec. 17, 1998); Gladish v. Tyco Toys, Inc., 29 U.S.P.Q.2d 1718, 1719 (E.D. Cal. 1993). Similarly, it is inappropriate to stay a matter where the stay will serve simply to delay proceedings. See, e.g., Xerox Corp., 69 F. Supp. 2d at 407, citing Freeman v. Minnesota Mining & Mfg. Co., 661 F. Supp. 886, 888 (D. Del. 1987).

Both concerns are present here. The Court notes that Ecolab did not seek re-examination immediately upon learning of the allegedly invalidating prior art. Instead, it opted - over the next five months - to bring (and defend) a summary judgment motion which contained not the slightest allusion to the supposedly-invalidating material. It only requested re-examination after both motions were denied. These facts strongly suggest Ecolab seeks this stay for tactical reasons, which weighs against granting the stay.

3

B.    A Stay Will Not Simplify The Issues

Ecolab carefully advises the Court of seven advantages in staying patent litigation during re-examination:

> (1) all prior art presented to the Court will have been first considered by the PTO, with its particular expertise;
> (2) many discovery problems related to the prior art can be alleviated by the PTO examination;
> (3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;
> (4) the outcome of the re-examination may encourage a settlement without the further use of the Court;
> (5) the record of re-examination would likely be entered at trial, thereby reducing the complexity and length of the litigation;
> (6) issues, defenses and evidence will be more easily limited in pre-trial conferences after a re-examination;
> (7) the cost will likely be reduced both for the parties and the Court.

Card Techn. Corp., 2007 WL 551615, *3.

Unfortunately, the Court discerns none of these advantages here. While it is fully cognizant of the PTO's expertise, the Court is confident that the parties themselves will be able to effectively present their case on validity to the jury for decision, with or without the record of the PTO's re-examination. And the re-examination will have absolutely no effect on Ecolab's claims of trade secret misappropriation, which will still need to be tried. Having observed this litigation over the past two years, the Court is confident the parties will easily be able to coordinate additional prior art discovery (if any is needed at all); limit issues and evidence for trial; and discuss settlement

4

when and as appropriate.  These events occur regularly in cases of all kinds, and the Court has no doubt each one will occur here.

In the event the PTO invalidates some or all of the patents so as to contradict the jury's verdict, the Court has no doubt the parties will be able to raise that issue with the Federal Circuit on appeal.  <u>Ethicon</u>, 849 F.2d at 1428-29.  The record reflects that this matter has been thoroughly litigated, no doubt at considerable expense to both parties.  There is no indication that delaying the trial two years will offer any cost savings.

In short, the Court is entirely unconvinced that a stay will simplify any issues for trial.

C.   <u>The Litigation is at a Late Stage</u>

The "usual reason" for denying a stay is that "the case has progressed through the bulk of pre-trial proceedings and is scheduled for trial shortly."  <u>Card Techn. Corp.</u>, 2007 WL 551615, *7.  This is precisely the situation here.  The case has been litigated for more than two years, resulting in 274 docket entries.  All disputed claims have been construed; discovery is closed; expert opinions have been rendered; and summary judgment on validity and infringement has been denied.  Nothing is left but to try the case, and in the deathless words of the Scottish usurper, "[i]f it were done, when 'tis done, then 'twere well it were done quickly."[1]

---

[1] William Shakespeare, <u>Macbeth</u>, act I, scene vii.

Ecolab's concerns about concurrent review by the PTO and this Court are overstated.  As the Federal Circuit has noted,

> The awkwardness presumed to result if the PTO and court reached different conclusions is more apparent than real. The two forums take different approaches in determining invalidity and on the same evidence could quite correctly come to different conclusions.

Ethicon, Inc., 849 F.2d at 1427.  Similarly, Ecolab's concerns about the KSR opinion are unfounded.  While there is no certainty whatsoever that the Federal Circuit will illuminate the Supreme Court's decision in the upcoming months, the Court will endeavor to feel its way through the thickets of obviousness, guided only by its own wits aided by the doubtlessly helpful briefs and arguments of learned counsel.

III. Conclusion

Accordingly, plaintiff's motion for a stay is denied. [Docket No. 262.]

IT IS SO ORDERED.

Dated:  May 29, 2007

                                  s/ James M. Rosenbaum
                                  JAMES M. ROSENBAUM
                                  United States Chief District Judge